**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KENNETH RAY LONG,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-CV-0212-CVE-SAJ |
| ) | |
| **STATE OF OKLAHOMA,** ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 12). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

In the petition, Petitioner brings a direct challenge to his conviction entered in Rogers County District Court, Case No. CF-1997-307. See Dkt. #1. The docket sheet for that case reflects that on October 26, 1998, Petitioner was convicted on his plea of guilty to Unauthorized Use of Motor Vehicle. See Dkt. # 10, Ex. 1. He was sentenced to two (2) years suspended. Petitioner did not file a motion to withdraw plea or otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

Thereafter, an application to revoke suspended sentence was filed. On February 16, 1999, after Petitioner stipulated to the application, an order revoking the suspended sentence was entered. Petitioner was ordered to serve two (2) years in custody of the Department of Corrections. Petitioner did not appeal the revocation order to the OCCA. See id.

The docket sheet for Case No. CF-1997-307 also reflects that on March 17, 2004, Petitioner filed an "application to vacate conviction and set aside judgment and sentence and expunge from record." See id. There is no indication of a ruling on the application by the state district court. Petitioner attempted to commence a post-conviction appeal. However, on October 12, 2004, in Case No. PC-2004-829, the OCCA declined jurisdiction and dismissed the "attempted" post-conviction appeal.[1]

On April 20, 2005, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] Information obtained from the docket sheet for No. PC-2004-829, available at www.oscn.net.

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty plea in Case No. CF-1997-307, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after entry of his Judgment and Sentence, or on November 5, 1998. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction, including the claims raised in the instant petition, began to run on November 5, 1998, and, absent a tolling event, a federal petition for writ of habeas corpus filed after November 5, 1999,

would be untimely.[2]  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did seek any post-conviction relief during the relevant period. Petitioner's application for post-conviction relief was filed March 17, 2004, or more than four (4) years beyond the November 5, 1999, deadline.  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period.  Therefore, Petitioner's petition, filed April 20, 2005, appears to be untimely.

In response to Respondent's motion to dismiss, Petitioner asserts that the Court should deny Respondent's motion and consider his claims because he is actually innocent of the crime for which he was convicted on his plea of guilty . See Dkt. # 12. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling.

---

[2] Petitioner's claims relate to the validity of his conviction in Case No. CF-1997-307.  However, to the extent Petitioner's claims could be construed as a challenged to the revocation of his suspended sentence, the one-year limitations clock began to run on February 26, 1999, and, absent a tolling event, a federal habeas corpus petition had to be filed on or before February 26, 2000, to be timely.  See Rules 1.2(D)(4) and 2.1(B), *Rules of the Oklahoma Court of Criminal Appeals* (providing that to commence an appeal from an order revoking suspended sentence, a notice of intent to appeal must be filed within ten (10) days of the imposition of the order revoking suspended sentence).

See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). The record before the Court demonstrates that Petitioner did not diligently pursue his claims. After having entered a guilty plea on October 24, 1998, Petitioner first presented his claims to the state courts by way of his application for post-conviction relief filed March 17, 2004. The Court notes that the Affidavits attached to the petition in support of Petitioner's claims were executed in September 2001, more than two (2) years before Petitioner sought post-conviction relief. See Dkt. # 1, Exs. C and D. Thus, Petitioner cannot claim that evidence supporting his claim was unavailable prior to March 17, 2004, when he filed his application for post-conviction relief.[3] Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808. As a result, the fact that Petitioner claims to be actually innocent of the crime to which he pled guilty does not entitle him to equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

Petitioner also alludes to the use of the challenged conviction to enhance a sentence entered for a subsequent conviction. See Dkt. # 12 at ¶ 4. Although Petitioner does not directly attack or even identify the subsequent conviction, any attempt to challenge either the propriety of the conviction in CF-1997-307 or the validity of the subsequent sentence by arguing that the prior conviction was unconstitutionally obtained would fail. In Daniels v. United States, 532 U.S. 374 (2001), the Supreme Court of the United States held that "[i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the

---

[3] Petitioner's challenge to his conviction in Case No. CF-1997-307 would be time barred even under 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period may run from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). The evidence provided by Petitioner establishes that he knew the factual predicate for his claims more than two (2) years before seeking post-conviction relief.

5

defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255." Id. at 382. In Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court extended the holding of Daniels to cover § 2254 petitions directed at enhanced state sentences. Coss, 532 U.S. at 402-04 (holding that a defendant may not challenge an enhanced sentence through a petition under § 2254 on the ground that the prior conviction, no longer open to direct or collateral attack in its own right, was unconstitutionally obtained). Although exceptions to the general rule exist, none is applicable in this case. See id. at 404-06.

The Court concludes that Petitioner is not entitled to equitable tolling of the limitations period. This action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. A separate Judgment shall be entered in this case.

**IT IS SO ORDERED** this 2nd day of February, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT